IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHRISTOPHER DIONNE,                    )
                                       )
        Plaintiff,                     )
                                       )        No. 2:25-cv-02577-TLP-tmp
v.                                     )
                                       )
JOHN PHELON, Secretary, Department of  )
the Navy,[1]                           )
                                       )
        Defendant.                     )

**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS**

Pro se Plaintiff Christopher Dionne, sued Defendant John Phelan, the Secretary of the Department of the Navy, challenging his "indefinite suspension . . . without pay" under the Administrative Procedure Act, the Fifth Amendment, and the Privacy Act. (*See* ECF No. 1.) Under Administrative Order No. 2013-05, this Court referred the case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters. Judge Pham issued a Report and Recommendation ("R&R") in October 2025 recommending that the Court grant Defendant's Motion to Dismiss and dismiss the Complaint. (ECF No. 16.) His R&R notified both parties that they had 14 days to object. Neither party objected.

In the R&R, Judge Pham recommends dismissing Plaintiff's Complaint because the doctrine of res judicata precludes Plaintiff's claims. (*Id*.) For the reasons below, this Court

---

[1] The Court respectfully **DIRECTS** the Clerk to change Defendant's name to reflect the correct spelling, "John Phelan."

agrees with Judge Pham's reasoning and his conclusions.  The Court therefore **ADOPTS** the R&R.

## BACKGROUND AND THE R&R

Plaintiff sued here in June 2025.  (ECF No. 2.)  He also moved for other relief, including an Emergency Motion for an Expedited Hearing.  (*See* ECF Nos. 12, 14.)  Defendant moved to dismiss the Complaint in July 2025.  (ECF No. 10.)  In his R&R, Judge Pham noted that "the core of plaintiff's claim here is identical to previous claims he brought to this court: that defendant denied him information before suspending his security clearance."  (ECF No. 16.)  Thus he recommends granting Defendant's Motion to Dismiss on res judicata grounds.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Judge Pham entered his R&R on October 21, 2025.  Because neither party objected, the Court reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R.  In fact, the Court agrees with his well-reasoned analysis.

Judge Pham correctly states that res judicata requires four elements: "1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their privies; 3) an issue in a subsequent action which was litigated or which should have been litigated in the prior action; and 4) an identity of the causes of action." *Trent v. Shelby Cty. Gov't*, No. 2:08-cv-2797-JPM-cgc, 2009 WL 6066974 at *1 (W.D. Tenn. Jul. 30, 2009) (citing *Rivers v. Bariton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). With this in mind, Judge Pham points to two earlier lawsuits that Plaintiff brought against Defendant. *See Dionne v. Del Toro*, No. 2:23-cv-02531-JTF-cgc, 2024 WL 4138771, at *1 (W. D. Tenn. July 11, 2024) *report and recommendation adopted by* 2024 WL 3757167 (W.D. Tenn. Aug. 12, 2024); *Dionne v. Del Toro*, No. 2:24-cv-2364-MSN-cgc, 2025 WL 763574, at *1 (W.D. Tenn. Jan. 30, 2025) *report and recommendation adopted by* 2025 WL 635869 (W.D. Tenn. Feb. 27, 2025). Judge Pham then notes that the Court dismissed the second suit on res judicata grounds. (ECF No. 16 at PageID 111.) Plaintiff now brings a third lawsuit.

This Court agrees with Judge Pham that Plaintiff's claim "here is identical to previous claims he brought to this court: that defendant denied him information before suspending his security clearance." (*Id.* at PageID 110.) Judge Pham notes several similarities. "In Case No. 2:23-cv-2531-JTF-cgc, Dionne claimed that the Secretary 'suspended his access to classified material on October 7, 2019 and . . . placed him on an indefinite suspension without pay and allowances on November 6, 2019 pending the resolution of his security clearance determination.'" (*Id.* (quoting *Dionne v. Del Toro*, No. 2:23-cv-02531-JTF-cgc, 2024 WL 4138771, at *1 (W. D. Tenn. July 11, 2024) *report and recommendation adopted by* 2024 WL

3

3757167 (W.D. Tenn. Aug. 12, 2024)).  And Plaintiff uses the same security incident report here that he used in Case No. 2:23-cv-2531-JTF-cgc.  (*Id.* at PageID 110–11.)

Having reviewed the earlier cases cited by Judge Pham, the Court agrees with his conclusion that "[u]nder the doctrine of res judicata . . . a final judgment on the merits had been entered in Case No. 2:23-cv-02531-JTF-cgc before this court[,] and the same parties are involved in both cases."  And "[t]he issues raised in this matter arise out of the same set of facts and were previously litigated or should have been litigated in the first matter . . . ."  Thus "Plaintiff advanced two separate theories in two separate suits . . . for one common set of facts. This is the exact situation which the doctrine of res judicata, by compelling litigants to bring all related claims in one suit, seeks to avoid."  *Wilkins v. Jakeway*, 183 F.3d 528, 532 n.4 (6th Cir. 1999). The Court therefore agrees that this case should be dismissed because it is barred by res judicata.

As there is no clear error, the Court **ADOPTS** the R&R to dismiss this action.

**CONCLUSION**

The Court has reviewed Judge Pham's R&R and finds no clear error.  And so the Court **ADOPTS** the R&R.  Accordingly, the Court **DISMISSES** Plaintiff's Claims **WITH PREJUDICE**.

**SO ORDERED**, this 26th day of March, 2026.

        s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE