**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER DIONNE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PHELAN, Secretary, Department of the Navy,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02577-TLP-tmp<br><br>JURY DEMAND |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is pro se Plaintiff Christopher Dionne's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 20.) Defendant John Phelan, Secretary of the Department of the Navy, opposes the Motion. (ECF No. 21.) For the reasons below, the Court **DENIES** Plaintiff's Motion.

**BACKGROUND**

On June 6, 2025, Plaintiff sued Defendant to challenge his "indefinite suspension . . . without pay." (ECF No. 2 at PageID 2.) He alleged violations of the Administrative Procedure Act, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and the Privacy Act. (*Id.* at PageID 2, 4.)

Defendant then moved to dismiss these claims. (ECF No. 10.) He argued that res judicata barred the Court from deciding them. (*Id.* at PageID 44, 47–50.) And he asserted that even if res judicata did not apply, the Court should dismiss Plaintiff's claims for other reasons under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*Id.* at PageID 44, 50–58.) Based

on Administrative Order No. 2013-05, this Court referred the case to Chief Magistrate Judge Tu M. Pham ("Judge Pham") to manage all pretrial matters.

In October 2025, Judge Pham issued a Report and Recommendation ("R&R") explaining why the Court should grant Defendant's Motion to Dismiss. (ECF No. 16.) The R&R agreed with Defendant that res judicata barred Plaintiff's claims. (*Id.* at PageID 110–12.) Judge Pham specifically concluded that, at their core, Plaintiffs' claims were "identical to previous claims he brought" in this Court. (*Id.* at PageID 110–11.)

The R&R notified the Parties that they had fourteen days to object. (*Id.* at PageID 112.) Neither Party objected. This Court found no clear error in Judge Pham's R&R and thus adopted it on March 26, 2026. (ECF No. 18 at PageID 117.) And on March 30, 2026, the Court entered its Judgment dismissing Plaintiff's Complaint with prejudice. (ECF No. 19 at PageID 120.)

Plaintiff then moved for relief from the Judgment under Federal Rule of Civil Procedure 60(b) on April 3, 2026. (ECF No. 20.) He asserts that he failed to object timely to the R&R because he could not access the Court's Public Access to Court Electronic Records ("PACER") system. (ECF No. 20 at PageID 121–22.)

In Plaintiff's view, his failure amounted to "excusable neglect," so the Court should grant his Motion. (*Id.* at PageID 123 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).) Plaintiff also claims that had he been able to object, he "would have demonstrated" that res judicata does not apply. (*Id.* at PageID 124–25 (emphasis removed).) The Court next discusses the applicable legal standards and evaluates the Parties' arguments.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 60 provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" based on "mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). It also allows a court to grant relief from a final judgment for "any other reason that justifies relief." *Id.* at 60(b)(6).

"Particularly strict standards apply" to a Rule 60(b) motion, which the Court will grant "only in exceptional or extraordinary circumstances, where principles of equity mandate relief." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (citation modified). The party seeking relief under Rule 60(b) bears the burden of establishing its requirements. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

**ANALYSIS**

Plaintiff contends that he failed to file a timely objection due to "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). To determine whether relief is appropriate, the Court considers three factors: "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (citation modified). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* at 628–29 (citation modified).

The Court must thus ask whether Plaintiff's neglect was "excusable"; and if it was not, he cannot show a "lack of culpability" and is not entitled to relief. *See id.* The Supreme Court has construed "neglect" to include "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (*quoting Pioneer Inv. Servs.*, 507 U.S. at 388).

Moreover, whether "neglect" is "excusable" depends on "(1) the danger of prejudice to the other party, (2) the length of the delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Id.* Because this Court

adjudicated Plaintiff's claims on the merits, these factors serve only as a guide in this analysis. (*See id.*; *see also* ECF No. 18.)

Drawing on the relevant factors, the Court concludes that Plaintiff's "neglect" was inexcusable. *See Jinks*, 250 F.3d at 386. First, Plaintiff cannot establish "excusable neglect" because he had an affirmative duty to monitor the docket and offered no valid reason for his delay in objecting. *See Yeschick*, 675 F.3d at 629–30. Indeed, the Sixth Circuit has stressed that parties can easily check electronic dockets because they are available remotely and easy to access. *Id.*; *see also Henken v. IW Tr. Funds*, 568 F. Supp. 3d 870, 875–76 (S.D. Ohio 2021).

So Plaintiff's claim that he could not access PACER after multiple login attempts is not a valid "reason for the delay." (*See Yeschick*, 675 F.3d at 629; *see also* ECF No. 20 at PageID 122.) By now, Plaintiff is familiar with the PACER system: he has used it many times to file complaints and motions. (*See* ECF No. 21 at PageID 133 n.2.) He could have contacted the Clerk by telephone, appeared in person to inquire about objecting, or taken other steps to object. But he did not, and struggling to log in to one electronic system for fourteen days is not a reasonable excuse for a delay. *See Yeschick*, 675 F.3d at 629–30.

Moreover, setting aside the Judgment would prejudice Defendant, who has expended time and resources to oppose Plaintiff's various lawsuits. *See Yeschick*, 675 F.3d at 631. In this action and several others based on Plaintiff's suspension without pay, Defendant has expended time and resources to seek dismissal of Plaintiff's claims. (*See, e.g.*, ECF No. 21 at PageID 133 n.2, 134.) These considerations "weigh[] in favor of finding that" Plaintiff's oversight "constituted inexcusable neglect." *See Yeschick*, 675 F.3d at 631.

Given these factors, the Court concludes that Plaintiff's failure to object timely was not "excusable." *See id.* at 628. Because Plaintiff failed to "first demonstrate a lack of culpability,"

the Court need not consider the remaining two factors to determine whether relief is appropriate. *See id.* Plaintiff is not entitled to relief from the Judgment under Rule 60(b)(1).

## CONCLUSION

For the reasons explained, the Court **DENIES** Plaintiff's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b).

**SO ORDERED**, this 5th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE